AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

FILED05 DEC '16 16:29USDC-ORP

United States of America )
v. )
Jared Dale Gillespie )   Case No.   '16 -MJ- 150
)
)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 1, 2016__ in the county of __Multnomah & Washington__ in the _____ District of __Oregon__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Knowingly possessing a mixture or substance containing a detectable amount of MDMA/Ecstasy, a Schedule I Controlled Substance, with the intent to distribute it. |

This criminal complaint is based on these facts:

See affidavit of HSI Special Agent Guy Gino, which is attached and incorporated fully by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Guy Gino, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  12/04/2016

_____
*Judge's signature*

City and state:  Portland, Oregon

Paul Papak, U.S. Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON
COUNTY OF MULTNOMAH ss. AFFIDAVIT OF GUY GINO

## Affidavit in Support of Criminal Complaint and Application for an Arrest Warrant

I, Guy Gino, being first duly sworn, depose and say:

### Introduction and Agent Background

1.  I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been so employed since 2003. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and I am authorized by law to conduct investigations and to make arrests for felony offenses. I am currently assigned to the Assistant Special Agent in Charge, Portland, Oregon. Prior to this, I was employed as a U.S. Border Patrol Agent and have been a federal law enforcement officer since September 1996. I am authorized and assigned to investigate violations of federal laws, including 21 U.S.C. §§ 841(a)(1), 846, 848, and 843(b) of the Drug Abuse Prevention and Control Act of 1970; that is, possession with intent to distribute and the distribution of controlled substances, conspiracy to commit such offenses, the operation of a continuing criminal enterprise, and the use of a communication facility to facilitate a felony violation of the Drug Abuse Prevention and Control Act of 1970. During my tenure as a federal law enforcement officer, I have investigated and/or participated in investigations of conspiracy, money laundering, narcotics trafficking, fraud, smuggling and theft. I have also acquired knowledge and information about the illegal drug trade and the various means and methods by which it is furthered including through the use of computers, smart phones, digital media and the Internet from formal and informal training, other law enforcement officers and investigators, informants, individuals I have arrested and/or interviewed, and from my participation in other investigations. I am currently detailed to the

High Intensity Drug Trafficking Area (HIDTA) Interdiction Taskforce (HIT) located at the Portland Police Bureau's Drugs and Vice Division.

## Applicable Law

2.  The Controlled Substances Act (CSA) is the statue establishing federal U.S. drug policy under which the manufacture, importation, possession, use and distribution of certain substances is regulated. The CSA classified drugs into five schedules. Schedule I drugs, substances or chemicals are defined as drugs with no currently accepted medical use and a high potential for abuse. Schedule I drugs are the most dangerous drugs of all the drug schedules with potentially severe psychological or physical dependence. Methylenedioxymethamphetamine, also known as MDMA and ecstasy, is a "controlled substance" as defined by 21 U.S.C. § 802. MDMA is a Schedule I controlled substance. Pursuant to 21 U.S.C. § 841(a)(1), it is unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

## Statement of Probable Cause

3.  On October 31, 2016, CBP Officers assigned to the San Francisco Air Mail Center contacted HSI Portland Special Agent Joshua Findley via email regarding an international package containing 1,011 grams of Methylenedioxymethamphetamine chunks (hereinafter "MDMA"). The MDMA was discovered during a border inspection at the San Francisco International U.S. Mail Branch. The package, identified as USPS Air Mail Center bearing tracking # CC049095627NL, was imported from the Netherlands, with a destination of "Alivia [*last name redacted*] 6663 SW Beaverton Hillsdale HWY PMB #326, Portland, OR 97225." For clarity, I will refer to that parcel as the "October 31 Parcel."

Page 2 – Affidavit of HSI Special Agent Guy Gino
in support of a criminal complaint

4.  The named recipient of the October 31 Parcel, Alivia [*last name redacted*], is a 23-year-old woman who lives in the Portland metro area and does not have a criminal history. I will refer to her in this affidavit as "Alivia."

5.  On October 31, 2016, CBP Officers field tested the suspect substances inside the October 31 Parcel using Mistral Group–PDT Test kits # 101 and 164 for MDMA. All tests returned positive results for the presence of MDMA.

6.  On November 3, 2016, that MDMA was shipped to HSI Portland for a possible controlled delivery of the October 31 Parcel.

7.  On November 4, 2016, the MDMA was turned over to the HIDTA Interdiction Task Force where it was lodged into evidence at the Portland Police Bureau's property evidence division. A controlled delivery of the October 31 Parcel was not performed at that time and is not planned.

8.  On November 29, 2016, CBP Officers assigned to the San Francisco Air Mail Center contacted HSI Portland Special Mark Inman via email regarding an international package containing 553 grams of beige chunks discovered during a border inspection at the San Francisco International U.S. Mail Branch. The beige chunks tested positive for MDMA in a Field Test Kit "Narco Pouch 923 Methamphetamine (MDMA/Ecstasy) Reagent." That quantity of MDMA far exceeds typical user amounts; it is almost certainly meant for further sale and distribution. The package, identified as USPS Air Mail Center bearing tracking # CC058757978NL, was imported from the Netherlands with a destination of "Alivia [*last name redacted*] 6663 SW Beaverton Hillsdale HWY PMB #326, Portland, OR 97225" (hereinafter **"Subject Parcel"**).

9.  On November 29, 2016, HSI Portland, Oregon agreed to conduct a controlled delivery of **Subject Parcel**, to the addressed recipient noted on the shipping label: "Alivia [*last

Page 3 – Affidavit of HSI Special Agent Guy Gino
in support of a criminal complaint

*name redacted*] 6663 SW Beaverton Hillsdale HWY PMB #326, Portland, OR 97225." With the exception of a small quantity (i.e., 28 grams), the MDMA was replaced with an inert crystalized substance and sealed inside the original parcel box. This was done so that when the controlled delivery of the **Subject Parcel** occurred, there was little risk of MDMA endangering human health, and to prevent the recipient(s) from destroying all the MDMA originally contained in the **Subject Parcel**.

10. In order to track the movement of the **Subject Parcel** effectively and to decrease the chance of detection, I sought and received authorization from the Court (in a search warrant issued in 16-MJ-603) to place a tracking device inside the **Subject Parcel** while it was in the possession of law enforcement in the District of Oregon.

11. On December 1, 2016, the **Subject Parcel** was delivered to the address on the **Subject Parcel**, which is third party postal annex business, not a residence. A postal annex is a private business (like "Mail Boxes Etc.") where customers rent post office boxes. The shipping address for items sent to a postal annex include a street address, not a "P.O. box" number.

12. In the afternoon on December 1, 2016, the **Subject Parcel** was picked up by a man, who was later identified as **Jared Dale Gillespie** ("**Gillespie**"), who put it into a recently registered BMW and drove to a pizza establishment, and then to the Motel 6 on Canyon Road in Beaverton, Oregon. At the motel another man, later identified as Eric Bowen Babauta, got into the BMW. The two men then drove to an apartment complex on Walker Road in Beaverton and went inside. **Gillespie** carried a tan backpack when he walked into the apartment.

13. After the men took the **Subject Parcel** inside a particular apartment within the complex (hereafter, "the Walker Road Apartment"), someone opened the **Subject Parcel** inside

that apartment. **Gillespie** then departed the Walker Road Apartment with the **Subject Parcel**, but without his backpack. He was detained by law enforcement.

14. Eric Bowen Babauta ("Babauta") and two other people (later identified as Nathaniel Pulcipher DOB: xx-xx-1978 and Crystal Monique Pulcipher DOB: xx-xx-1977) remained inside the Walker Road Apartment. They refused to answer the door when law enforcement knocked. Officers heard loud noises from within the Walker Road Apartment – such as commotion, banging and flushing – that were consistent with items being destroyed or damaged.

15. Officers later entered the Walker Road Apartment under the authority granted to them by the search warrant that the court issued at 4:20 p.m. on Thursday, December 1, 2016. Without being asked, all three occupants claimed they did not reside at the apartment. After running their identifications, it was revealed that all three were on probation with Washington County and that Babauta had an outstanding warrant for a probation violation from Salem, Oregon. The search of the Walker Road Apartment located two firearms hidden behind a false wall in a closet, as well as empty gallon-sized bags that had a white, powdery substance residue. There were also parts of cellphones found inside the sink disposal unit.

16. The tan backpack that **Gillespie** was seen carrying inside the Walker Road Apartment was found in a hallway within that apartment. A search of that bag located a computer and an international mail parcel with a suspected quantity of narcotics addressed to "Alivia [*last name redacted*], 6663 SW Beaverton Hillsdale HWY, PMB #326 Portland, OR 97225." There was also a golfball-sized bag of cocaine and a smaller quantity of methamphetamine. Both bags of narcotics were field tested by TFO Chris Verbout. In the same hallway officers also found $20,020 in U.S. currency located in several pairs of shoes.

17. I conducted an initial review of one of **Gillespie's** cellphones pursuant to a warrant issued by the court. I observed that in the notes section **Gillespie** had the U.S. Postal Service tracking numbers for the **Subject Parcel** that was delivered to the postal annex box earlier in the day with the 28 grams of MDMA and sham drugs. **Gillespie** also had the U.S. Postal Service tracking number for the October 31 Parcel.

18. During this investigation, TFO Macomber spoke with the manager at the Motel 6 on Canyon Road in Beaverton, Oregon, who informed us that **Gillespie** rented room 111 at that motel on November 30, 2016 and was scheduled to check out on December 2, 2016. **Gillespie** may have rented the room for Babuata, who may be visiting the area from Utah, based on his possession of a Utah driver's license. Babuata had a hotel keycard located inside his wallet. The key was provided to the Motel 6 manager, who confirmed that the key opened room 111. In the early morning hours of December 2, 2016, a search warrant for room 111 at Motel 6 was authorized by this court. The execution of the warrant for that room uncovered an additional seizure of two ounces of suspected cocaine.

## CONCLUSION

19. Based on the foregoing, I have probable cause to believe, and I do believe, that on or about December 1, 2016, **Jared Dale Gillespie** knowingly possessed with the intent to distribute a substance containing a detectable amount of MDMA/Ecstasy, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

20. Prior to being submitted to the Court, this affidavit, the proposed complaint, and the requested arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Thomas S. Ratcliffe. AUSA Ratcliffe advised me that, in his opinion, the affidavit and

application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant.

_____
Special Agent Guy Gino
Homeland Security Investigations

SUBSCRIBED and SWORN to me this 4th day of December, 2016.

_____
THE HONORABLE PAUL PAPAK
UNITED STATES MAGISTRATE JUDGE

Page 7 – Affidavit of HSI Special Agent Guy Gino
in support of a criminal complaint