FILED15MAR'17 11:17USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:17-CR-00044-BR |
| v. | SUPERSEDING INDICTMENT |
| JARED DALE GILLESPIE, | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, 952, 960(a)(1), and 853 |
| Defendant. | Forfeiture Allegation |

THE GRAND JURY CHARGES:

**COUNT 1**
**(Unlawful Importation of MDMA)**
**(21 U.S.C. §§ 952 and 960(a)(1))**

Between on or about October 1 and October 31, 2016, in the District of Oregon and elsewhere, **JARED DALE GILLESPIE**, defendant herein, did knowingly and intentionally import into the United States a mixture and substance containing a detectable quantity of MDMA, also known as Ecstasy, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952 and 960(a)(1).

**COUNT 2**
**(Unlawful Importation of MDMA)**
**(21 U.S.C. §§ 952 and 960(a)(1))**

Between on or about November 1 and November 29, 2016, in the District of Oregon and elsewhere, **JARED DALE GILLESPIE**, defendant herein, did knowingly and intentionally

import into the United States a mixture and substance containing a detectable quantity of MDMA, also known as Ecstasy, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952 and 960(a)(1).

### COUNT 3
### (Possession with Intent to Distribute MDMA)
### (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about December 1, 2016, in the District of Oregon, **JARED DALE GILLESPIE**, defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable quantity of MDMA, also known as Ecstasy, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 4
### (Unlawful Importation of Fentanyl)
### (21 U.S.C. §§ 952 and 960(a)(1))

Between on or about November 1, 2016 and December 1, 2016, in the District of Oregon and elsewhere, **JARED DALE GILLESPIE**, defendant herein, did knowingly and intentionally import into the United States a mixture and substance containing a detectable quantity of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952 and 960(a)(1).

### COUNT 5
### (Possession with Intent to Distribute Fentanyl)
### (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C))

On or about December 1, 2016, in the District of Oregon, **JARED DALE GILLESPIE**, defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable quantity of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6
### (Attempted Possession with Intent to Distribute Fentanyl)
### (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846)

Between on or about October 26, 2016 and on or about November 23, 2016, in the District of Oregon and elsewhere, **JARED DALE GILLESPIE**, defendant herein, did knowingly and intentionally attempt to possess with the intent to distribute a mixture or substance containing a detectable quantity of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

## CRIMINAL FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Counts 1 through 5 of this Indictment, defendant **JARED DALE GILLESPIE** shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

(1) $36,000 in United States Currency;

(2) $22,000 in United States Currency;

(3) $20,020 in United States Currency; and

(4) $3,431 in United States Currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

Dated this 14th day of March 2017.

A TRUE BILL.


OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney


THOMAS S. RATCLIFFE, ILSB #6243708
Assistant United States Attorney