

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Thomas S. Ratcliffe
Assistant U.S. Attorney
Thomas.Ratcliffe@usdoj.gov
(503) 727-1069
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 23, 2018

Thomas E. Price
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

> Re: **United States v. Jared Dale Gillespie, Case No. 3:17-CR-00044-BR**
> Plea Agreement Letter

Dear Mr. Price:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 5 of the Indictment, which charges possession with the intent to distribute fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

3. **Penalties**: The penalties are: up to 20 years of imprisonment, a fine of up to $1,000,000, a mandatory minimum term of three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss the remaining counts against defendant (i.e., Counts 1-4 and 6). The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. § 2D1.1(c)(3) and prior to adjustments, is a Base Offense Level of 34 because he is

responsible for the equivalent of approximately 26,066 kilograms of marijuana, comprised of approximately 1,650 grams of MDMA and 11,007 grams of fentanyl.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Additional Departures, Adjustments, or Variances:**

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. The USAO is permitted to ask the Court to sentence defendant to a term of imprisonment at the *top* of the adjusted guideline range, and to present evidence in support of that request. The USAO is also permitted to oppose defendant's request for any lower sentence.

Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except the following:

Defendant may argue for a sentence *no lower than* two levels below the adjusted guideline range, based upon evidence that his capacity and performance while on pretrial release indicate that he will be successful while on supervised release and is, therefore, at lower risk of reoffending compared with other similarly situated defendants.

Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

9. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18

U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

14. **Forfeiture Terms:**

A. **Assets and Authority:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, which defendant admits constitute the proceeds of defendant's criminal activity, or were used to facilitate defendant's criminal activity, as set forth in Counts 1-6 of the Indictment.

By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to a $75,000 money judgment forfeiture, pursuant to 21 U.S.C. § 853, which defendant admits represents proceeds of defendant's criminal activity set forth in Counts 1-6 of the Indictment.

B. **No Alteration or Satisfaction:** Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under

Thomas E. Price
Re: Gillespie Plea Letter
January 23, 2018
Page 4

Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

15. **Deadline**: This plea offer expires if not accepted by Friday, February 2, 2018 at 4:00 p.m. **Acceptance means electronically transmitting a signed copy of this letter to the undersigned Assistant United States Attorney.**

          Sincerely,

          BILLY J. WILLIAMS
          United States Attorney

          Thomas S. Ratcliffe
          Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

01/24/2018
Date                    Jared Dale Gillespie, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/24/18
Date                    Thomas E. Price,
                        Attorney for Defendant