**Thomas E. Price, OSB No. 903626**
**Assistant Federal Public Defender**
Email: thomas_price@fd.org
101 SW Main Street, Suite 1700
Portland, OR   97204
Tel: (503) 326-2123
Fax: (503) 326-5524

**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: 3:17-cr-00044-BR |
| **Plaintiff,** | |
| v. | **MEMORANDUM IN SUPPORT OF CONTINUED RELEASE PENDING SELF-SURRENDER** |
| **JARED DALE GILLESPIE,** | |
| **Defendant.** | |

We anticipate that the government may argue in favor of Mr. Gillespie being taken into custody at sentencing.   We contend that he should be given a date to self-surrender within the Court's discretion.

Mr. Gillespie was granted release to pretrial supervision on September 25,

2017, both prior to his plea of guilty, and prior to sentencing under the provision of 18 U.S.C. § 3143(a)(1), by Magistrate Judge You and continued by the order of this District Court.  Mr. Gillespie was not subject to detention pursuant to § 3143(a)(2) prior to his sentencing hearing.  Therefore, we contend that the provisions of § 3143(a)(2) never came into play to restrict, or limit his release, which was already ordered under § (a)(1).  If the government had an objection to his continued release, it may have waived its arguments in favor of detention under § 3143(a)(2) in light of Mr. Gillespie's continued release.

In any event, the Ninth Circuit has held that a District Court has the authority to release an offender irrespective of § 3143 (a)(2) pursuant to its authority under 18 U.S.C. § 3545(c):

> "[a]lthough the 'exceptional reasons' provision appears in a subsection that otherwise concerns actions taken by appellate courts, ... the district court *has* authority to determine whether there are exceptional reasons" for release."

*United States v. Garcia*, 340 F.3d 1013, 1014 n.1 and n 3 (9th Cir. 2003) (emphasis added).  Arguably, the "exceptional reasons" provisions comes into play in the event of invocation or consideration of § (a)(2).  But the provision was never invoked and Mr. Mr. Gillespie's continued release remained uncontested ever since.

Even so, as to exceptional reasons, the Court in *Garcia* went on to state that

**Page 2 – MEMORANDUM IN SUPPORT OF CONTINUED RELEASE PENDING SELF-SURRENDER**

>incarceration would impose exceptional risks on a defendant involving his physical or mental well-being-risks that might arise as a result of the nature of his crime or even as a result of his possessing certain physical, psychological, or other characteristics. . . . [including other factors that may] render the defendant vulnerable to injury in prison.

*Garcia,* at 1020.

In addition, "a district judge after examining all the circumstances may well find cause to conclude that it would be unreasonable for the defendant *to be incarcerated pending [sentencing.]* Garcia at 1021 (emphasis added).

As the government has already acknowledged, the defendant's period of actual incarceration may be reduced for a variety of reasons, including changes in the law, that are already relevant to issues regarding suitability for continued release and self-surrender.  *See Garcia,* 340 F.3d at 1020.

Quite arguably, Mr. Gillespie's performance while on release has been exceptional. We are not aware of the Court being limited in what it may consider as what is or is not an "exceptional circumstance" to warrant continued release. Mr. Gillespie's continued suitability for release and voluntary surrender, including reasons provided in our other submissions, justify continued release to allow Mr. Gillespie to voluntarily surrender.  Mr. Gillespie is fully capable and responsible enough to manage his own surrender.   In addition, Mr. Gillespie should

not be denied the credit that he has arguably earned for being suitable for voluntary surrender. Lastly, the cost and potential burden to the system to require otherwise in order to shuttle him about to his place of designation would be an unnecessary and unwarranted waste of resources.

### Conclusion

In addition, here the Presentence Investigation Report has indicated its support for voluntary surrender. We urge the Court to continue Mr. Gillespie on release and allow for his voluntary surrender at the direction of Probation and Pretrial Services.

Respectfully submitted this 14th day of January, 2019.

/s/ Thomas E. Price
Thomas E. Price
Assistant Federal Public Defender