IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00044-BR-1 |
| **Plaintiff,** | |
| v. | **ORDER TO REDUCE SENTENCE** |
| JARED DALE GILLESPIE, | |
| **Defendant.** | |

    The defendant, Jared Dale Gillespie, through his attorney, Thomas E. Price, and together with the attorney for the government, Assistant United States Attorney Thomas Ratcliffe, jointly moved this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served with the imposition of a 60-month (5-year) period of supervise release.

    As a special condition of that supervised release, and in order to achieve just punishment in consideration of 3553(a) factors, the parties agree that an undiluted minimum 48 months of that 60-month term of supervised release be served in home confinement. Furthermore, as a part of this motion, the defendant stipulated that he may not seek early termination of the condition of

home confinement or early termination of his supervision during the initial 48-month period of supervision.

As amended by the First Step Act, the compassionate release statute allows courts to reduce sentences for "extraordinary and compelling" reasons. Thirty days have elapsed since Mr. Gillespie initiated a request for compassionate release consideration with the warden of FCI Lompoc. Accordingly, this motion is properly before this Court.

Mr. Gillespie is a 31-year-old man who suffers from a variety of chronic health conditions including: Chronic Kidney Disease, stage 2, high blood pressure, recurrent acute respiratory infections, asthma by history, and Trigeminal Neuralgia, that render him especially vulnerable to complications associated with the new coronavirus disease, COVID-19.  Mr. Gillespie remains in custody at FCI Lompoc.  Including good time credit and based on his projected release date of March 25, 2025, Mr. Gillespie has approximately 55 months remaining of his 96-month sentence.

Based on all of the relevant circumstances, the parties agree that this case presents extraordinary and compelling reasons to reduce Mr. Gillespie's sentence to time served. Additionally, the parties agree that the requested sentence reduction would be consistent with the sentencing factors under 18 U.S.C. § 3553(a) and the applicable policy statement in U.S.S.G. § 1B1.13.

Mr. Gillespie has a release plan, approved by the U.S. Probation Office, to live with his mother and father in Beaverton, Oregon. Mr. Gillespie will have a bedroom available to him and the ability to quarantine for 14 days upon release.

For all of the foregoing reasons, the Court finds that compassionate release should be granted and ORDERS that Mr. Gillespie sentence be amended to one of time-served.  Upon release from confinement, the Court modifies the original judgment and further ORDERS that a 60-month

(5-year) term of supervised release be imposed in order to achieve just punishment under 18 U.S.C. § 3553(a). In addition to the originally proposed standard and special conditions set out in Mr. Gillespie's Presentence Report (PSR), the Court ORDERS that in order to achieve just punishment and in consideration of 3553(a) factors that an undiluted minimum 48-month period of that 60-month term of supervised release be served in home confinement. Furthermore, as a part of the stipulated between the parties and enforceable here, Mr. Gillespie may not seek early termination of the condition of home confinement or early termination of his supervision during the initial 48 months of this 60-month term of supervision.

It is further ORDERED that as special conditions of supervised release, Mr. Gillespie:

1. Is required to quarantine at home for a period of 14 days unless the U.S. Probation Office authorizes interruption of the quarantine for urgent reasons.

2. Must participate in a location monitoring program for a period of 48 months and may not seek early termination of this condition during this time frame. During this period, he shall be subject to home detention and his movement in the community is restricted as follows: Mr. Gillespie is restricted to his residence at all times, except for employment, education, religious services, medical treatment, mental health or substance abuse treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the probation officer. Unless otherwise specified by the Court, Mr. Gillespie's participation in the location monitoring program will be monitored using technology approved by the probation officer, which may include radio frequency (RF) monitoring, GPS monitoring, or voice recognition. Mr. Gillespie must abide by all technology requirements and must follow

the program rules and pay all or part of the costs of participation in the location monitoring program as directed by the Court or the probation officer.

.

Dated this 12th day of August 2020.

                                              /s/ Anna J. Brown
                                 The Honorable Anna J. Brown
                                 United States Senior District Court Judge